


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| WILLIE MOLINA | : | NO. 06-653 |

FILED
OCT 02 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM AND ORDER

McLaughlin, J.                                                October 2, 2007

The defendant moves to suppress a gun, ammunition, marijuana, and drug paraphernalia seized from his person and his car by the police. Having held an evidentiary hearing, the Court denies the motion.

I.   Findings of Fact

On September 20, 2006, at 4:51 a.m., Sgt. Anthony Storti of the West Goshen Township Police Department was driving on West Chester Pike in a marked patrol vehicle. As he was traveling westbound, he observed a Camaro car facing eastward and straddling the concrete median in the 1100 block of West Chester Pike. Storti pulled up alongside the vehicle and observed the defendant seated in the driver's seat. The defendant was slouched down, looking straight ahead. When the officer pulled up beside the car, the defendant did not look at him. The sergeant yelled through his open window, "Are you okay?" But he

got no response.  He did it again and got no response.  The defendant looked at him and then looked back straight ahead.

The sergeant then drove west on West Chester Pike and made a U-turn and pulled up behind the defendant's vehicle.  Storti activated his overhead lights, exited his car, and walked up to the driver's side of the defendant's car.  The defendant's car was running and its headlights were on.  As the sergeant walked up to the window, the defendant made no movement of any kind.  Storti tapped on the window but got no response.  He tapped on the window a second time and got no response.  The sergeant tapped on the window again and the defendant turned and looked at him.  The defendant, whose eyes were glazed, did not make any other movement or say anything.  The sergeant made hand movements for the defendant to crank down the window.  The defendant instead opened the door twelve to sixteen inches.

The sergeant could see that the car was still in drive.  It was lodged on top of the concrete median as if it were stuck.  Storti told the defendant to put the car in park and turn off the ignition.  The defendant did not respond.  Sgt. Storti asked him again to turn off the car and he still got no response.  After the third request, the defendant fumbled with the gear shift and finally maneuvered it into a park position.  The defendant then sat his hands on his lap.

Storti then asked the defendant to turn off the ignition. He asked him several times to do this. The defendant reached for the ignition and fumbled with the keys but he did not turn off the car. The sergeant thought the defendant was under the influence of alcohol or a controlled substance and not able to operate the vehicle. The officer put his head into the vehicle and with his hand turned off the car, for safety reasons. In the officer's estimation, the defendant was not able to turn off the car by himself.

As he was turning off the car, Storti saw the bottom third of a weapon holster. Storti also observed live rounds of ammunition in the center console. Storti looked back to the defendant and saw a butt handle of a firearm between the defendant's legs. The sergeant grabbed for the gun and the defendant tried to grab also. The sergeant ripped the gun from the defendant's hands and threw it behind the vehicle. Storti requested backup by way of the radio.

Storti then pulled the defendant from the vehicle and they struggled on West Chester Pike outside the vehicle. After a brief wrestling match, the defendant was able to break a grip that the sergeant had on him. In his efforts, the defendant tripped himself and fell face first down on West Chester Pike. Once he fell, the defendant hit his head and knocked himself senseless for a brief time. During that time, the sergeant put

him in handcuffs.  The sergeant had to sit on top of the defendant to keep him from moving from the prone position.  The defendant was arrested for aggravated assault and weapons violations and other charges.

The sergeant patted down the defendant and found nine live rounds of ammunition in one pants pocket, and in another pants pocket, a plastic baggie containing various individual packets of a green vegetable matter, that was examined and found to be marijuana.  The defendant's blood was taken after arrest and it was determined that his blood contained PCP.  The vehicle was towed from the scene and a search warrant was later obtained and a search of the vehicle was conducted.  From the vehicle were recovered thirty-two live rounds of ammunition, clear bags with green vegetable matter, a dark bag containing small plastic bags, and a handgun carrying case.

II.  Discussion

The facts found above, to which there was little challenge, raise no legal questions about the police conduct. The police acted properly under the Fourth Amendment and any other applicable law.

It was proper for Sgt. Storti to approach the defendant's vehicle to determine why the defendant's car was illegally stopped across the median and to assess whether the

defendant needed assistance.  When the defendant did not respond to the officer's numerous requests, it was proper for Sgt. Storti to pull his marked patrol car behind the defendant's vehicle. The sergeant properly approached the car and knocked on the window to find out why the car was stuck on the median.  The defendant's continued non-responsiveness, appearance of intoxication or being under the influence of a controlled substance, inability to comply with the officer's request to place the car in park and turn off the ignition, justified Sgt. Storti in reaching in to turn off the ignition himself.  Once he did that, he saw the holster, live ammunition in the center console, and the butt of a firearm between the defendant's legs. That gave the sergeant probable cause to grab the gun and throw it away.  There was then probable cause to arrest Molina for firearms violations as well as other crimes.

       The search of Molina's person incident to an arrest was proper.  Incident to a lawful arrest, the police may search the passenger compartment of a car in which the defendant was stopped and containers found therein.  In this case, however, the police had the car towed after the arrest and then obtained a search warrant to search the car.  Sgt. Storti and law enforcement acted at all times consistent with the Constitution.

       An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :     CRIMINAL ACTION
                             :
            v.               :
                             :
WILLIE MOLINA                :     NO. 06-653

**FILED**

OCT 02 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

<u>ORDER</u>

AND NOW, this 2nd day of October, 2007, upon consideration of defendant Willie Molina's Motion to Suppress (Docket No. 20 the government's opposition, and after a hearing held on September 20, 2007, IT IS HEREBY ORDERED that for the reasons set forth in the accompanying Memorandum, the defendant's Motion to Suppress is DENIED.

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.

**ENTERED**

OCT 0 2 2007

**CLERK OF COURT**